UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JEAN ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>EASTERN INDIANS,<br><br>    Defendant. | Case No. 2:24-cv-01761-DAD-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Nicole Jean Rogers is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.    THE COMPLAINT**

Plaintiff's Complaint is a 9-page letter titled "Twelve Step Testimony (DA/BDA) side notes c/o AA and or NA." Compl. at 1 (ECF No. 1). The Complaint names Defendant "Eastern Indians" and appears to allege Defendant is "invading our business & homes[ ] @ AM/PM – Fruitridge Rd." *Id.* The Complaint begins with the following:

> Happy birthday if you celebrate a birthday today and
> welcome if you are new. I have a sponsor and my sponsor
> has a sponsor. I am in three programs AA, OA, and DA. Just

> like I have a problem with substance abuse and overeating. I also have a problem with spending and earning problems.

*Id.* at 1. The Complaint then proceeds to detail Plaintiff and Plaintiff's family's background and history. *See generally* Compl. Plaintiff also states her "issues around [her] concept with money" and "eight incidents I had very specifically done wrong." Compl. at 2-3. The Complaint concludes with the following:

> As it relates to step eleven because I have been through so much I have come to rely upon prayer & meditation as being the center point of my being in and with everything I do. I want to point out that it says "sought" so the act of seeking out meaning even if you think you never reach the destination of talking to a higher power it is trusting the process and that next right action of searching within outside of ourselves. And another key component is asking for knowledge for his will for us and the power to carry it out. Because I don't always get someone talking to me or something necessarily happening to or for me when I use prayer and meditation but it is the entire thought process clears itself up and I know for me I find that I come to think of it, so to speak, all the time when in prayer and meditation it is where I get my answers. Having said all of this prayer has changed the entire trajectory of my life. I highly recommend it! It works. It really does.

Compl. at 8-9. The Complaint also attaches a civil cover sheet that provides as a brief description for Plaintiff's cause of action as "Tantrum didn't get what he wanted. Retaliated." Compl. at 10. For relief, Plaintiff demands $11 million. *Id.*

III.  **DISCUSSION**

   A.  **Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d

3

at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint states no basis for federal court jurisdiction, and none is apparent. No federal cause of action is asserted, and no federal claims are suggested by the facts, to the extent the facts are discernible. Therefore, the Court lacks subject matter jurisdiction based on federal question.

In addition, the Complaint fails to establish diversity jurisdiction. Although Plaintiff states the amount in controversy is $11 million, Plaintiff fails to establish that there is complete diversity of citizenship. On the face of the Complaint, all parties appear to be citizens of California. Compl. at 1. Additionally, Plaintiff checks off in the civil cover sheet that both Plaintiff and Defendant are citizens of California. Compl. at 10; *see Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Because there is no diversity of citizenship established here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction.

**B.     Failure to Comply with Federal Rule of Civil Procedure 8**

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). The Court is unable to discern what causes of action Plaintiff intends to bring. Although the Federal Rules adopt a flexible pleading

policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint consists entirely of allegations with no basis in law and no plausible supporting facts. *See generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against Defendant. The contents of the Complaint are sufficiently unintelligible that leave to amend in this case would not be fruitful. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## IV. CONCLUSION

In accordance with the above, IT IS **ORDERED** that Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

In addition, IT IS **RECOMMENDED** that the Complaint be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim, and where amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 23, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, roge1761.24